# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LEO GLASER, | ) | CASE NO. 1:14-cv-01043-JG |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | ANSWER OF DEFENDANTS |
| CITY OF INDEPENDENCE, OHIO, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER

Defendants City of Independence, Ohio (the "City"), Michael Gero ("Gero"), and David Snyderburn ("Snyderburn"), for their Answer to Complaint of Plaintiff Leo Glaser, hereby state as follows:

### First Defense

1. Defendants admit the allegation of Paragraph 1 that Plaintiff purports to bring an action for declaratory judgment, injunctive relief, and damages. Further answering, Defendants deny the remaining allegations contained in Paragraph 1.

2. Defendants admit the allegation of Paragraph 2 that the Court has subject matter jurisdiction over this case and deny all remaining allegations contained in Paragraph 2.

3. Defendants admit the allegation of Paragraph 3 that venue is proper but deny all remaining allegations contained in Paragraph 3.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore deny same.

5. Defendants admit the allegations contained in Paragraph 5.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit the allegations contained in Paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore deny same.

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit the allegation of Paragraph 12 that their lawful actions were done under the color of state law. Further answering, Defendants deny that any actions taken by them caused and/or continue to threaten the deprivation of any of Plaintiff's Constitutional rights and further deny the remaining allegations of Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore deny same.

15. Defendants admit the allegation of Paragraph 15 that Plaintiff has posted signs in the yard of his property located at 4180 Chestnut Road, state that he has consistently done so without complying with the City's ordinances, deny that Plaintiff has engaged in core political speech, and further deny any remaining allegations of Paragraph 15.

16. Defendants admit the allegation of Paragraph 16 that Plaintiff has posted signs critical of certain public officials and public bodies, but deny the remaining allegations contained in Paragraph 16.

17. Defendants admit that Plaintiff has criticized certain public officials and public bodies, but deny the remaining allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore deny same.

20. Defendants admit that Paragraph 20 purports to attach a photograph of a wooden sign frame as Complaint Exhibit A.

21. In response to the allegations of Paragraph 21, Defendants state that the document referenced in Paragraph 21 speaks for itself.

22. Defendants admit the allegation of Paragraph 22.

23. In response to allegations of Paragraph 23, Defendants state that the document referenced in Paragraph 22 speaks for itself.

24. Defendants admit the allegation of Paragraph 24.

25. Defendants admit the allegation of Paragraph 25.

26. Defendants admit the allegation of Paragraph 26.

27. In response to the allegations of Paragraph 27, Defendants state that the document referenced in Paragraph 27 speaks for itself.

28. Defendants admit the allegation of Paragraph 28 that Plaintiff posted signs in his yard at 4180 Chestnut Road, but are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date that Plaintiff posted said signs, and therefore deny the remaining allegations of Paragraph 28.

29. Defendants admit that Paragraph 29 purports to attach a photograph of the signs posted in Plaintiff's yard on or about March 12, 2012 as Complaint Exhibit E.

72988798.4

30. Defendants admit the allegation of Paragraph 30 that Plaintiff added two additional panels to the wooden sign frame located in his yard at 4180 Chestnut Road, but are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date that Plaintiff posted said panels, and therefore deny the remaining allegations of Paragraph 30.

31. Defendants admit that Paragraph 31 purports to attach a photograph of the signs posted in Plaintiff's yard on or about April 27, 2012 as Complaint Exhibit F.

32. In response to the allegations of Paragraph 32, Defendants state that the photograph referenced in Paragraph 32 speaks for itself.

33. In response to allegations of Paragraph 33, Defendants admit that Plaintiff posted signs. Further answering, Defendants admit that Plaintiff was informed in multiple orders from the City's Building Department that his signs violated various content-neutral laws and ordinances. Further answering, Defendants deny threatening or intimidating Plaintiff at any time, in letters or otherwise, and state that Defendants had the legal duty to enforce the City's ordinances as written because Plaintiff failed or refused to timely remove the signs as ordered or to appeal any of those orders as allowed by law. Further answering Defendants deny the remaining allegations contained in Paragraph 33.

34. Defendants state that the document referenced in Paragraph 34 speaks for itself.

35. Defendants admit the allegation of Paragraph 35.

36. Defendants state that the document referenced in Paragraph 36 speaks for itself.

72988798.4

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore deny same.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants admit the allegation of Paragraph 39.

40. Defendants admit the allegation of Paragraph 40.

41. Defendants state that the document referenced in Paragraph 41 speaks for itself.

42. Defendants admit the allegations contained in Paragraph 42.

43. Defendants state that the document referenced in Paragraph 43 speaks for itself.

44. Defendants admit the allegation of Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants admit the allegation of Paragraph 47 that Paragraph 47 purports to attach a photograph of the Plaintiff's signs on or about October 4, 2012 as Complaint Exhibit J.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants admit the allegation of Paragraph 50 that a municipal and school board election took place in the City on November 5, 2013. Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50, and therefore deny same.

51. Defendants admit that Paragraph 51 purports to attach photographs of the Plaintiff's signs in October 2013 as Complaint Exhibits K-1 and K-2.

52. In response to the allegations of Paragraph 52, Defendants state that the document referenced in Paragraph 52 speaks for itself.

53. Defendants admit the allegation of Paragraph 53.

54. In response to the allegations of Paragraph 54, Defendants state that the document referenced in Paragraph 54 speaks for itself.

55. Defendants state that the document referenced in Paragraph 55 speaks for itself.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. In response to the allegations of Paragraph 59, Defendants state that the document referenced in Paragraph 59 speaks for itself, and deny the remaining allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

62. In response to the allegations of Paragraph 62, Defendants admit that Paragraph 62 purports to attach a call summary report from the Independence Police Department as Complaint Exhibit M. Further answering, Defendants state that the document referenced in Paragraph 62 speaks for itself.

63. In response to the allegations of Paragraph 63, Defendants admit that the City, Gero and Snyderburn did not have a court order regarding the seizure of the

Plaintiff's signs, but state that the removal of those signs was authorized by City ordinances. Further answering, Defendants deny that they trespassed onto Plaintiff's property.

64. Defendants admit the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

66. Defendants deny the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. In response to the allegations of Paragraph 69, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 as to what Plaintiff purportedly "desires," but deny the remaining allegations contained in Paragraph 69.

70. The allegations contained in Paragraph 70 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 70.

71. In response to the allegations of Paragraph 71, Defendants state that the document referenced in Paragraph 71 speaks for itself.

72. In response to the allegations of Paragraph 72, Defendants state that the document referenced in Paragraph 72 speaks for itself.

73. Defendants admit the allegations contained in Paragraph 73.

74. In response to the allegations of Paragraph 74, Defendants state that the ordinance referenced in Paragraph 74 speaks for itself.

72988798.4

75. In response to the allegations of Paragraph 75, Defendants state that the ordinance referenced in Paragraph 75 speaks for itself.

76. In response to the allegations of Paragraph 76, Defendants state that the ordinance referenced in Paragraph 76 speaks for itself.

77. In response to the allegations of Paragraph 77, Defendants state that the ordinance referenced in Paragraph 77 speaks for itself.

78. In response to the allegations of Paragraph 78, Defendants state that the case law referenced in Paragraph 78 speaks for itself.

79. The allegations contained in Paragraph 79 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 79.

80. The allegations contained in Paragraph 80 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 80.

81. Defendants state that the document referenced in Paragraph 81 speaks for itself. Further answering, Defendants deny the remaining allegations of Paragraph 81.

82. The allegations contained in Paragraph 82 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 82.

83. In response to the allegations of Paragraph 83, Defendants state that the ordinance referenced in Paragraph 83 speaks for itself.

72988798.4

84. The allegations contained in Paragraph 84 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 84.

85. The allegations contained in Paragraph 85 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 85.

86. The allegations contained in Paragraph 86 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 86.

87. The allegations contained in Paragraph 87 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 87.

88. In response to the allegations of Paragraph 88, Defendants restate the admissions, denials and averments of Paragraphs 1 through 87 of this answer as if fully rewritten herein.

89. The allegations contained in Paragraph 89 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 89.

90. The allegations contained in Paragraph 90 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 90.

91. The allegations contained in Paragraph 91 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 91.

92. In response to the allegations of Paragraph 92, Defendants state that the ordinance referenced in Paragraph 92 speaks for itself.

93. In response to the allegations of Paragraph 93, Defendants state that the ordinance referenced in Paragraph 93 speaks for itself.

94. The allegations contained in Paragraph 94 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 94.

95. The allegations contained in Paragraph 95 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 95.

96. The allegations contained in Paragraph 96 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 96.

97. The allegations contained in Paragraph 97 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 97.

98. In response to the allegations of Paragraph 98, Defendants restate the admissions, denials and averments of Paragraphs 1 through 97 of this answer as if fully rewritten herein.

72988798.4

99. The allegations contained in Paragraph 99 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 99.

100. The allegations contained in Paragraph 100 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 100.

101. The allegations contained in Paragraph 101 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 101.

102. The allegations contained in Paragraph 102 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 102.

103. The allegations contained in Paragraph 103 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 103.

104. The allegations contained in Paragraph 104 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 104.

105. The allegations contained in Paragraph 105 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 105.

72988798.4

106. The allegations contained in Paragraph 106 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 106.

107. In response to the allegations of Paragraph 107, Defendants restate the admissions, denials and averments of Paragraphs 1 through 106 of this answer as if fully rewritten herein.

108. The allegations contained in Paragraph 108 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 108.

109. The allegations contained in Paragraph 109 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 109.

110. The allegations contained in Paragraph 110 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 110.

111. In response to the allegations of Paragraph 111, Defendants state that the document referenced in Paragraph 111 speaks for itself.

112. The allegations contained in Paragraph 112 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 112.

113. The allegations contained in Paragraph 113 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 113.

114. The allegations contained in Paragraph 114 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 114.

115. In response to the allegations of Paragraph 115, Defendants restate the admissions, denials and averments of Paragraphs 1 through 114 of this answer as if fully rewritten herein.

116. The allegations contained in Paragraph 116 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 116.

117. In response to the allegations of Paragraph 117, Defendants admit that Plaintiff posted signs on his property at 4180 Chestnut Road, but deny the remaining allegations contained in Paragraph 117.

118. The allegations contained in Paragraph 118 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 118.

119. The allegations contained in Paragraph 119 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 119.

120. Defendants deny each and every allegation in Plaintiff's Complaint not otherwise specifically admitted herein, including any allegations contained in any headings and prayer for judgment.

## **Second Defense**

121. Plaintiff fails to state a claim upon which relief can be granted.

**Third Defense**

122. The February 1, 2012 letter from the City's Building Department to Plaintiff (Complaint Exhibit B), the March 5, 2012 letter from the City's Building Department to Plaintiff (Complaint Exhibit C), the September 14, 2012 letter from the City's Building Department to Plaintiff (Complaint Exhibit I) and the November 8, 2013 letter from the City's Building Department to Plaintiff (Complaint Exhibit J) each constituted orders of the City Building Inspector, each of which was independently appealable to the City's Board of Zoning Appeals pursuant to § 1125.04 of the City's Codified Ordinances.

123. Plaintiff did not prosecute any appeal to the Board of Zoning Appeals (or any other tribunal) from the February 1, 2012 order, the March 5, 2012 order the September 14, 2012 order or the November 8, 2013 order, and therefore waived his right to an administrative appeal challenging any of those orders.

124. Plaintiff's March 12, 2012 letter to the City (Complaint Exhibit D) did not constitute a notice of appeal, and was not prosecuted as such.

125. By failing to appeal any of the Building Department orders, Plaintiff has waived his right to challenge any of those orders.

126. Plaintiff failed to exhaust his administrative remedies, thus barring the claims alleged herein.

**Fourth Defense**

127. Plaintiff has failed to mitigate his damages, if any.

**Fifth Defense**

128. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

72988798.4

### Sixth Defense

129. The claims in the Complaint are barred because at all times mentioned in the Complaint, Defendants, and those acting on their behalf, acted in good faith and with the reasonable belief that such actions were lawful, reasonable, proper and not in violation of any clearly established federally protected constitutional rights.

### Seventh Defense

130. Defendants are entitled to absolute and/or qualified immunity

### Eighth Defense

131. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and unclean hands.

### Ninth Defense

132. The claims in the Complaint are barred, in whole or in part, by the statutory immunity provided in Ohio Revised Code Chapter 2744 and/or common law immunity.

### Tenth Defense

133. Plaintiff's claims are barred, in whole or in part, because Defendants do not have a custom, policy or procedure that violated Plaintiff's constitutional rights.

### Eleventh Defense

134. Plaintiff's claims are barred, in whole or in part, because the City had in place an adequate training program for its employees and there was no deliberately indifferent conduct directed toward Plaintiff and thus Plaintiff's constitutional rights were not violated.

135. Defendants reserve the right to assert any additional affirmative defenses that are supported by information of facts obtained through discovery or other means during this case and expressly reserve the right to amend this answer to assert such additional affirmative defenses in the future.

### **Prayer**

WHEREFORE, Defendants pray that this Court:

1. Dismiss with prejudice the Complaint and each cause of action alleged therein.

2. Award Defendants their costs and expenses incurred in connection with this action, including attorney's fees as provided by law.

3. Grant such other and further relief to Defendants as the Court deems just and proper.


Date: July 2, 2013                             Respectfully submitted,

                                                 _/s/ Thomas J. Lee_
Thomas J. Lee (0009529)
*tlee@taftlaw.com*
Gregory J. O'Brien (0063441)
Law Director, City of Independence
*gobrien@taftlaw.com*
Jennifer B. Orr (0084145)
*jorr@taftlaw.com*
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: 216.241.2838
Fax: 216.241.3707

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2014, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Thomas J. Lee*
Attorney for Defendants
